Borough of Pottsville, Appellant, *v.* People's Railway Co.

*Street railways—Sidings—When they may be constructed.*

When a railway company has constructed its road within the period limited by law, it may subsequently construct, from time to time, such switches or sidings as may be necessary for the handling of its business and the operation of its road.

The right to construct such switches or sidings is not forfeited or lost because not exercised by the company within the period limited for the location and construction of its road.

*Supreme Court practice—Errors not properly assigned—S. C. Rule XXII.*

An assignment of error that "The court erred in overruling the several exceptions filed by the appellants to the master's report" is not in accordance with the rules of the Supreme Court.

Argued Feb. 17, 1892.  Appeal, No. 57, Jan. T., 1892, by plaintiff, from decree of Schuylkill Co., July T., 1888, No. 3, confirming report of master and dissolving injunction.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Bill in equity to restrain defendant from constructing an alleged extension to its road.

From the report of the master, Mason Weidman, Esq., it appeared that defendant, a street railway company, created under the act of April 4, 1865, P. L. 815, and several supplements thereto, proposed to construct in the borough of Pottsville a piece of track about 120 feet in length, which complainants alleged to be an extension, and defendants, a siding.  The

master found as a fact that this construction constituted a siding, and as a conclusion of law that the company was authorized to construct it, and recommended a decree that the injunction granted in the case be dissolved, the bill dismissed and the complainant pay the costs.

A number of exceptions to the master's report were dismissed by the court and a decree entered as recommended by the master.

*Errors assigned* were (1) "The court erred in overruling the several exceptions filed by the appellants to the master's report," not quoting them; (2) dissolving the injunction; (3) not making the injunction perpetual; (4) dismissing the complainant's bill; (5) the decree entered.

*S. B. Edwards*, borough solicitor, *A. W. Schalck* with him, for appellants.

*John F. Whalen* and *D. C. Heming*, for appellees.

PER CURIAM, March 28, 1892:

The master has found from the testimony in the case that the railroad track in question is a siding, and not an extension of the road of the company. This finding was approved by the learned judge of the court below, and there is no proper specification of error which covers this question.

The master has further found, as a conclusion of law, that the right to build such sidings as may be required for its business has not been forfeited or lost, because not exercised by the company within the period limited in the act for the location and construction of the road. It has never been doubted that when a railroad company has constructed its road within the period limited by law, it may subsequently construct, from time to time, such switches or sidings as may be necessary for the handling of its business and the operation of its road. Were it otherwise, it would be impossible for a railroad company to keep pace with the increasing demands of business, and to accommodate the public.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.